**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THOMAS M. STEFFAN, INC.        )
   (d/b/a Steffco International Corp.),     )
        an Illinois corporation,       )
                          )
Plaintiff,                    )     Case No.
                          )
v.                            )
                          )
DUNGEON LABBS, INC.,         )
      a California Corporation,       )
                          )
Defendant.             )

## COMPLAINT

This action is for: (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127), as more fully described herein; (2) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (3) trademark dilution under the Federal Trademark Dilution Act (15 U.S.C. § 1125(c)); (4) unfair competition and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1-510/7) and Illinois common law; and (5) trademark dilution under the Illinois Trademark Registration and Protection Act (765 ILCS § 1036/65).

1.      Plaintiff THOMAS M. STEFFAN, INC. (d/b/a Steffco International Corp.) is a corporation duly organized and existing under the laws of the State of Illinois, located and doing business at 204 Amendodge Drive, Shorewood, Illinois 60431. Plaintiff is engaged in the business of manufacturing, distributing and selling dietary supplements, mixes and flavorings.

2.      On information and belief, Defendant DUNGEON LABBS, INC. is a California Corporation, located at 1100 S. Beverly Drive, Los Angeles, California 90035, and is engaged in the business of manufacturing and distributing dietary supplements throughout the United States, including this

district.

3.      Jurisdiction over Counts I-III is expressly conferred on this Court under 15 U.S.C. §§1121 and 28 U.S.C. §§1331 and 1338(a). Jurisdiction over Counts IV and V is conferred on this Court under 28 U.S.C. §1338(b), as this claim is joined with substantial and related claims under the Trademark Laws of the United States, and the pendent jurisdiction of this Court.

4.      Personal jurisdiction over Defendant is vested in this Court since Defendant has committed one or more of the acts complained herein within the United States and within this State and District pursuant to 735 ILCS §§ 5/2-201, et seq. In further support of jurisdiction, Plaintiff alleges as follows:

5.      Defendant distributes dietary supplements nationwide, including in the Northern District of Illinois, through the Internet, through wholesale and retail distribution channels.

6.      Defendant owns and operates a wholesale website, www.dungeonlabbs.com, allowing consumers nationwide and in the State of Illinois to actively review Defendant's products via the internet. (Exhibit 1). The wholesale website includes a "distributors" link for consumers to purchase Defendant's products as a distributor and/or a wholesaler. (Exhibit 2). Defendant has offered for sale, sold and shipped the aforementioned products, including infringing products, to customers in the State of Illinois and in the Northern District of Illinois, including retail customers.  Its infringing products have been ordered from Illinois and shipped to Illinois.

7.      Defendant owns and operates a retail e-commerce website, www.dungeonofdiscipline.com, allowing consumers nationwide and in the State of Illinois to actively review and purchase Defendant's products via the internet. (Exhibit 3). Defendant has offered for sale, sold and shipped the aforementioned products, including infringing products, to customers in the State of Illinois and in the Northern District of Illinois, including retail customers. Its infringing products have been ordered from Illinois and shipped to Illinois.

2

8.    Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events occurred in this district and Defendant is subject to personal jurisdiction herein.

9.    Plaintiff and its predecessors in interest have since at least as early as 1978 been engaged in the manufacture, distribution and sale of dietary supplements, including protein supplements, mixes, weight gain powders, meal replacements, sports drinks and other related products, particularly for use in the bodybuilding industry. Plaintiff has become well-known throughout the United States and elsewhere as a source of high quality dietary supplements. Plaintiff's products have been distributed and are distributed and sold to retail outlets such as GNC stores, drug stores, health clubs, specialty stores, and other similar outlets, and on-line through Plaintiff's website.

10.    Plaintiff has continuously used the trademark MUSCLE FUEL in connection with its business since at least as early as 1978.  Plaintiff is the owner of an incontestable United States Registration for the mark MUSCLE FUEL, namely, U.S. Registration 1,231,622, registered on 22 March 1983 (Exhibit 4).  Plaintiff has complied with the provisions of 15 U.S.C. §1065, and this registration has become incontestable thereunder.  Plaintiff has also continuously used the trademark MUSCLE FUEL THE ORIGINAL FUEL in connection with its business since at least as early as 1988.  Plaintiff is the owner of a United States Registration for the mark MUSCLE FUEL THE ORIGINAL FUEL, namely, U.S. Registration 3,940,266, registered on 05 April 2011 (Exhibit 4).

11.    Plaintiff's MUSCLE FUEL brand dietary supplements have been extensively marketed throughout all of the states of the United States and in numerous foreign countries for over thirty years. Plaintiff has expended substantial time, effort and money in designing, advertising, promoting and marketing these products so as to familiarize the public with Plaintiff's MUSCLE FUEL mark and the nature and high quality of its products.  (Exhibit 5).

12.    Plaintiff's MUSCLE FUEL products have been advertised on network television, at national

and international trade shows, on Plaintiff's website, in nationally circulated trade journals and magazines, on Plaintiff's packaging, directly on products, in Plaintiff's catalogs, and in other promotional and advertising materials.

13.     As a result of Plaintiff's substantial and extensive advertising and distribution of MUSCLE FUEL brand products, the mark has acquired an exceedingly valuable goodwill owned by Plaintiff, has become famous, and is an indication of source to the body building industry and the public at large.

14.     Notwithstanding Plaintiff's prior, continuous and extensive use of the mark MUSCLE FUEL, Defendant DUNGEON LABBS, INC. began using the mark ADVANCED MUSCLE FUEL for dietary supplements, including whey protein powders. Defendant's use of these marks is without permission or authority of Plaintiff and, upon information and belief, with full knowledge of Plaintiff's prior rights in the mark MUSCLE FUEL.  An example of Defendant's product is shown below (Exhibit 6).



4

15.     Defendant uses the mark MUSCLE FUEL prominently on its packaging and advertisements. In several instances the term MUSCLE FUEL is separated from and shown in a different color in Defendant's composite mark so as to give this term special emphasis. Defendant's products are dietary supplements, which are identical to and/or related to the products sold by Plaintiff under Plaintiff's famous MUSCLE FUEL trademark, and Defendant's products are offered for sale and/or sold in this district and elsewhere through the same channels of trade to the same categories of customers as Plaintiff's MUSCLE FUEL brand products.

16.     Defendant uses the mark ADVANCED MUSCLE FUEL prominently on Defendant's websites, www.dungeonlabbs.com (Exhibit 1) and www.dungeonofdiscipline.com (Exhibit 3), and offers these products for sale to consumers in this district and elsewhere.

17.     On information and belief, Defendant did not investigate third party rights to the mark MUSCLE FUEL before adopting the mark ADVANCED MUSCLE FUEL.

18.     Defendant's conduct indicates willful and/or reckless use and adoption of the mark ADVANCED MUSCLE FUEL without regard to Plaintiff's rights in the MUSCLE FUEL mark.

19.     In a cease and desist letter dated 15 October 2014, Plaintiff, through counsel, requested that Defendant abandon further use of the mark ADVANCED MUSCLE FUEL.  (Exhibit 7).

20.     Plaintiff, through counsel, followed up the requests of 15 October 2014 with another letter on 09 January 2015.  (Exhibit 8).

21.     As of 04 February 2015, Defendant has not replied to either the letter of 15 October 2014 or the letter of 09 January 2015.

22.     As of at least 04 February 2015, Defendant's ADVANCED MUSCLE FUEL products are offered for sale on defendant's websites, www.dungeonlabbs.com (Exhibit 1) and

5

www.dungeonofdiscipline.com (Exhibit 3).

## COUNT I
## VIOLATION OF THE LANHAM ACT
## TRADEMARK INFRINGEMENT

23.     This count is for trademark infringement under the Trademark Laws of the United States, and more particularly under 15 U.S.C. §1051, et seq., and Plaintiff realleges paragraphs 1-22 in support of this Count.

24.     Defendant's use of the mark ADVANCED MUSCLE FUEL is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Defendant's goods with Plaintiff, or as to the approval of Defendant's goods by Plaintiff, all to Plaintiffs irreparable injury and Defendant's unjust enrichment, in violation of 15 U.S.C. §1114.

25.     Unless enjoined by the Court, Defendant shall continue to do the acts complained of herein and cause damage and injury, all to Plaintiffs irreparable harm.

## COUNT II
## VIOLATION OF THE LANHAM ACT
## FEDERAL UNFAIR COMPETITION

26.     This Count is based on false designation of origin and false description or representation in violation of 15 U.S.C. §1125(a), and Plaintiff realleges paragraphs 1-25 in support of this Count.

27.     Plaintiff has used and is currently using the mark MUSCLE FUEL to identify its dietary supplement products and to distinguish them from the products of others. Long after Plaintiff's first use of the mark MUSCLE FUEL, Defendant began using the mark ADVANCED MUSCLE FUEL to identify its dietary supplement products. These acts of Defendant constitute a false description and representation that Defendant's goods are authorized by, sponsored by, or affiliated with Plaintiff, all in violation of 15 U.S.C. §1125(a).

28.     Unless enjoined by the Court, Defendant shall continue to do the acts complained of herein. Plaintiff has been, and will continue to be, damaged by Defendant's aforesaid false designation of

origin and false description and representation by reason of the likelihood that the public will be confused as to the true source, sponsorship or affiliation of Defendant, its business, and the goods provided by Defendant.

29.     Unless enjoined by this Court, Defendant shall continue to do the acts complained of herein and cause damage and injury, all to Plaintiff's irreparable harm.

## COUNT III
## FEDERAL TRADEMARK DILUTION

30.     This Count is based on trademark dilution in violation of the Federal Trademark Dilution Act (15 U.S.C. § 1125(c)), and Plaintiff realleges paragraphs 1-29 in support of this Count.

31.     Defendant's use in commerce of Plaintiff's famous and distinctive registered MUSCLE FUEL mark as a primary and distinguishing feature of its dietary supplement products, and its promotion of these goods as MUSCLE FUEL products, works an inexorably adverse effect upon the distinctiveness of Plaintiff's MUSCLE FUEL mark.

32.     Unless enjoined by this Court, Defendant shall continue to dilute the distinctive quality of the MUSCLE FUEL mark and will inevitably destroy the advertising value of this mark and the good will associated with this mark, which Plaintiff has spent considerable time, energy and money to develop.

33.     Plaintiff has been, and will continue to be, damaged by Defendant's dilution of Plaintiff's famous and distinctive registered MUSCLE FUEL mark.

## COUNT IV
## ILLINOIS COMMON LAW UNFAIR COMPETITION
## AND DECEPTIVE TRADE PRACTICES

34.     This Count is based on unfair competition and deceptive trade practices in violation of 815 ILCS §§ 510/1-510/7 and Illinois common law, and Plaintiff realleges paragraphs 1-33 in support

of this Count.

35.     Defendant, with full knowledge of Plaintiff's superior rights, adopted and is using the mark ADVANCED MUSCLE FUEL in connection with its dietary supplements with the deliberate and express purpose of obtaining the benefit of the goodwill and reputation of Plaintiff; and Defendant's acts are likely to cause, and are intended to cause, confusion and deception of the public.

36.     The aforesaid acts of Defendant are causing and will continue to cause injury to the business reputation of Plaintiff. and confusion as to the source of Defendant's goods.

37.     Unless enjoined by this Court, Defendant will continue to cause irreparable harm to Plaintiff and the public, for which Plaintiff has no adequate remedy at law.

## COUNT V
## DILUTION UNDER THE ILLINOIS TRADEMARK REGISTRATION
## AND PROTECTION ACT

38.     This Count is based on trademark dilution in violation of 765 ILCS § 1036/65, and Plaintiff realleges paragraphs 1-37 in support of this Count.

39.     Defendant's use, promotion and advertisement of its dietary supplement products under the mark ADVANCED MUSCLE FUEL has diluted the distinctiveness of Plaintiff's MUSCLE FUEL marks.

40.     Unless enjoined by this Court, Defendant shall continue to dilute the distinctive quality of the MUSCLE FUEL mark and will inevitably destroy the advertising value of this mark and the good will associated with this mark, which Plaintiff has spent considerable time, energy and money to develop.

41.     Plaintiff has been, and will continue to be, damaged by Defendant's dilution of Plaintiffs famous and distinctive registered MUSCLE FUEL mark.

**JURY DEMAND**

Plaintiff, Thomas M. Steffan, Inc., demands a trial by jury on all matters and issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, Thomas M. Steffan, Inc., prays for the following relief:

A.     Judgment for Plaintiff and against Defendant in an amount to be determined at trial.

B.     That Defendant and its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys and all persons in active concert and/or participation with it who receive notice, be preliminarily and permanently enjoined and restrained from reproducing, copying, counterfeiting, colorably imitating or otherwise using in any way in connection with Defendant's business without the consent of Plaintiff, the mark ADVANCED MUSCLE FUEL.

C.     That Defendant be ordered to deliver up for destruction all signs, displays, advertisements or any other materials in its possession or control or in the possession or control of its agents, which bear the marks or names ADVANCED MUSCLE FUEL or any mark or term confusingly similar to Plaintiff's MUSCLE FUEL mark.

D.     That Defendant be required to pay Plaintiff its actual damages and to account for and pay over to Plaintiff all gains, profits and advantages derived by it from its infringement, unfair competition and other lawful acts.

E.     That Defendant be ordered to compensate Plaintiff for the advertising or other expense necessary to dispel any confusion caused by Defendant's infringement, unfair competition and other unlawful acts.

9

F.     That the Court award increased damages to fully compensate Plaintiff and punitive damages for the willful and wanton nature of Defendant's aforesaid wrongful acts.

G.     That Defendant be ordered to pay interest, costs and reasonable attorneys' fees to Plaintiff.

H.     That the Court grant the Plaintiff such other and further relief as the Court deems just.

Respectfully submitted,

Dated: <u>20 February 2015</u>

By: <u>/s/ Kevin D. Erickson</u>
Kevin D. Erickson
Pauley Petersen & Erickson
2800 W. Higgins Road
Suite 365
Hoffman Estates, Illinois 60169
Tel. 847.490.1400
Fax. 847.490.1403

Attorneys for Plaintiff
THOMAS M. STEFFAN, INC.